**UNITED STATES COURT OF APPEALS**
**Filed 6/6/96**
**TENTH CIRCUIT**

JOE HUNTLEY,                     )

                                )

        Petitioner-Appellant,      )

                                )

      v.                      )              No. 95-6399

                                )     (D.C. No. CIV-95-324-C)

EDWARD L. EVANS, Warden, and    )       (W.D. Oklahoma)

ATTORNEY GENERAL OF THE STATE  )

OF OKLAHOMA,             )

                                )

        Respondents-Appellees.    )

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON, BARRETT** and **LOGAN**, Circuit Judges.

---

This matter is before the court on petitioner Joe Huntley's application for a certificate of appealability (formerly a certificate of probable cause). His right to appeal the federal district court's denial of habeas corpus relief is conditioned upon this court granting a certificate of appealability. 28 U.S.C. § 2253. The law, as recently amended,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

instructs that we may issue such a certificate "only if the applicant has made a substantial showing of the denial of a constitutional right," and we "indicate which specific issue or issues satisfy [that] showing." Id. § 2253(c)(2) and (3).

Even if we apply the law as it existed at the time this application was made, the Supreme Court in Barefoot v. Estelle, 463 U.S. 880, 892-93 (1983), declared that the "primary means of separating meritorious from frivolous [habeas corpus] appeals should be the decision to grant or withhold a certificate of probable cause." We are not to grant such a certificate unless the petitioner makes "a substantial showing of the denial of an important federal right by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings." Gallagher v. Hannigan, 24 F.3d 68 (10th Cir. 1994) (citing Barefoot, 463 U.S. at 893 n.4).

Petitioner asserted in his habeas corpus petition three grounds for relief from his state court conviction for assault and battery with a dangerous weapon, for which he received a ninety-nine year sentence. He claimed he received ineffective assistance of trial counsel; that his due process rights were violated because he was not provided a transcript of the preliminary hearing or the closing arguments; and that he was prejudiced by improper remarks by the prosecutor and witnesses. After the magistrate judge recommended the petition be dismissed, petitioner filed objections and made the additional

claim that the prosecution failed to provide potentially exculpatory information--concerning a witness' criminal record--in violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

We have considered the arguments in petitioner's brief and examined the record, including the transcript of the trial. The magistrate judge correctly analyzed the facts and law in the findings and recommendation of May 30, 1995, which was adopted by the district court. The district court in its order of October 27, 1995, also properly rejected petitioner's <u>Brady</u> violation claim. We conclude that petitioner has failed to make the necessary showing to warrant our issuance of a certificate of appealability. Therefore, we deny his application and DISMISS the appeal.

The mandate shall issue forthwith.

Entered for the Court

James K. Logan
Circuit Judge